UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT P. SMITH, III,                    1:93-cv-05390-AWI-DLB-P

         Plaintiff,       **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 185)

vs.                                      **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** (Doc. 147)

JAMES GOMEZ,                             **ORDER DIRECTING CLERK TO ENTER JUDGMENT**

         Defendant.

_____/    **ORDER CONCLUDING ACTION**

    Plaintiff, Robert P. Smith, III ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On July 15, 2004, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On August 3, 2007, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.  On August 20,

1

1  2007, defendant filed a reply to plaintiff's objections.

2      In accordance with the provisions of 28 U.S.C.

3  § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a

4  de novo review of this case.  Having carefully reviewed the

5  entire file, the court finds the Findings and Recommendations to

6  be supported by the record and by proper analysis.  Because the

7  procedural history of the case and facts are known to the parties

8  and cited the parties' briefs they will not be repeated here.

9  In short, Plaintiff contends that Defendants violated his First

10 Amendment right to access the courts by having regulations which

11 deemed Plaintiff was not indigent and could afford to pay for

12 photocopying.  Plaintiff states that this rule caused him to

13 choose between paying for photocopies of his state habeas

14 petition, requiring him to not use the prison canteen for

15 approximately five months, or foregoing his state habeas

16 petition, allowing him to buy basic supplies from the canteen.

17 The Magistrate Judge recommends granting Defendants' motion for

18 summary judgment because the undisputed facts show that Plaintiff

19 could have filed his state habeas corpus petition and choose not

20 to file the petition, and instead, to use his limited funds on

21 hobbies and a higher quality necessities than those provided by

22 the prison.  In making this finding, the Magistrate Judge pointed

23 out the vast filings in this action and that the amount of

24 photocopies made to proceed with this case far outnumbers the

25 photocopies needed to file a state habeas petition.

26     In the objections, Plaintiff contends that the Magistrate

27 Judge's recommendation conflicts with Rhodes v. Robinson, 408

28 F.3d 559 (9th Cir. 2005).  Plaintiff claims that Rhodes stands

2

for the proposition that a First Amendment right can still exist even if a Plaintiff proceeds with a civil rights complaint.    It appears Plaintiff's position is that his filings in this action cannot be reviewed to determine if Plaintiff was able to file his habeas petition.   Rhodes is of no assistance to Plaintiff.   In Rhodes, the Ninth Circuit found that to maintain a viable First Amendment retaliation claim, five basic elements must be shown: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 56-68.    The Ninth Circuit further held that a plaintiff need not "demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim," and as such, the plaintiff's filing of a civil rights action does not necessarily show First Amendment rights were not chilled.   Id., at 568-69.

    Unlike Rhodes, this action is not a retaliation case. Plaintiff is alleging a violation of his First Amendment right to access the courts.   See Lewis v. Casey, 518 U.S. 343, 346 (1996) (inmates have  fundamental constitutional right of access to the courts).   Plaintiff's First Amendment right to access the courts is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.    An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id. at 351.   Where a prisoner asserts a backward-looking claim seeking a remedy for a

3

1  lost opportunity to present a legal claim, he must show: "1) the
2  loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the
3  official acts frustrating the litigation; and 3) a remedy that
4  may be awarded as recompense but that is not otherwise available
5  in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th
6  Cir.2007) (citing Christopher v. Harbury, 536 U.S. at 413-14
7  (2002)).  Because the complaint concerns access to the courts and
8  not retaliation, Rhodes is of minimal value.   However, even
9  assuming that Rhodes provides some guidance in this access to the
10 court's case, the fact Plaintiff was able to proceed in this
11 action was only one factor from which the Magistrate Judge
12 concluded that the undisputed facts showed Plaintiff, rather than
13 Defendants, caused Plaintiff from being unable to make the
14 relevant photocopies.   Simply put, the undisputed facts show
15 Plaintiff was not in a "catch-22" situation where he had to
16 choose between filing his state habeas petition or avoiding
17 disciplinary charges because he did not have proper hygiene.

18     The motion for summary judgment focused on the reason
19 Plaintiff was unable to file a state habeas action. In essence,
20 the Magistrate Judge found the second element listed above was
21 lacking - Evidence that Defendants' acts frustrated the state
22 litigation.  See  Phillips, 477 F.3d at 1076. This second element
23 requires the plaintiff to "show that the alleged violation of his
24 rights was proximately caused" by the state actor defendants.
25 Id. at 1077.  In Phillips,the plaintiff alleged that the
26 defendant's refusal to allow him access to a comb-binding machine
27 resulted in the plaintiff being unable to timely file his
28 petition for certiorari seeking review of the plaintiff's state

4

1  court post conviction relief action.   <u>Id</u>. at 1076.   In

2  addressing the proximate cause element, the defendant argued that

3  the plaintiff could have used an alternate means of binding his

4  petition for certiorari or he could have submitted the petition

5  unbound.   The Ninth Circuit found that: "[e]ven if Hust's

6  actions were not an insurmountable obstacle to Phillips's attempt

7  to assert his claim, Hust effectively prevented Phillips from

8  filing his cert. petition by arbitrarily and selectively denying

9  him access to the comb-binding machine."   <u>Id</u>. at 1077.

10      The court finds <u>Herst</u> does not compel a result different

11  than that recommended by the Magistrate Judge.   Here, Defendants

12  have not merely pointed out another hypothetical way Plaintiff

13  might have been able to file his state habeas petition even

14  though it violated state procedural rules, such as the state

15  court accepting a filing without any copies.   The undisputed

16  facts show that Plaintiff could have paid for the copies, but

17  decided that he would use his limited funds on other items.   In

18  addition, there is no evidence that Defendants' actions were

19  arbitrary and selective.   Rather, Plaintiff challenges a prison

20  rule that appears to be applied evenly to all prisoners with

21  prison jobs.   Thus, even though <u>Phillips</u> cautions against finding

22  a lack of causation based on other speculative avenues available

23  to the prisoner, this court finds the facts of this case are

24  sufficiently different than <u>Phillips</u> as to warrant a different

25  result.

26      In the objections, Plaintiff also complains about various

27  delays in this action, some of which happened while this action

28  was assigned to the undersigned and some of which happened when

1  this action was before the Ninth Circuit or other Judges in this
2  court.   While the court declines to find that this action has
3  proceeded in a timely manner at all stages, this court is
4  addressing the motions currently before it.   Plaintiff's claims
5  concerning the court's 2004 orders are without merit at this time
6  because the Ninth Circuit has already given Plaintiff the
7  opportunity to file the opposition he claims he was unable to
8  file in 2004.   In addition, the fact this action was filed in
9  1993 is evidence that the court should resolve the pending motion
10  quickly and not allow Plaintiff to file an amended complaint,
11  putting this action back at "square one."[1]  See Texaco, Inc. v.
12  Ponsoldt, 939 F.2d 794, 798 (9th Cir 1991) ("Undue delay is a
13  valid reason for denying leave to amend.").

14       Plaintiff also complains in the objections about the court's
15  failure to appoint counsel to represent Plaintiff.   There is no
16  constitutional right to counsel in a civil case. Lassiter v.
17  Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28
18  U.S.C. § 1915 confers on a district court only the power to
19  "request" that counsel represent a litigant who is proceeding is
20  forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the
21  courts the power to make "coercive appointments of counsel."
22  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).
23  The court may ask counsel to represent an indigent litigant under
24  Section 1915 only in "exceptional circumstances," the
25
26       [1] The court notes that many of the contentions which Plaintiff wishes to add in an amended complaint
27  concern events that occurred during the litigation of this action and these claims do not concern the access to the
   courts at issue in this action.   While such unrelated claims are not per se disallowed, the fact the claims concern
28  other acts and other Defendants is another reason not to allow this action, which has been pending for fifteen years to
   continue any longer.

1    determination of which requires an evaluation of both (1) the

2    likelihood of success on the merits and (2) the ability of the

3    plaintiff to articulate his claims pro se in light of the

4    complexity of the legal issues involved.   Rand v. Rowland, 113

5    F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds*

6    *on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn

7    v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).   The basic

8    contention in this action is not overly complex.   Plaintiff's

9    vast filings indicate that he is able to litigate effectively,

10   having filed many motions before this court and having obtained a

11   favorable result from the Ninth Circuit in pro se.   Finally, the

12   court notes that, despite the court's efforts, this court has

13   remarkably few attorneys who are willing to accept prisoner civil

14   rights actions.   Plaintiff is correct that he would be served by

15   the assistance of counsel, but as the Ninth Circuit has

16   recognized, "any pro se litigant certainly would be better served

17   with the assistance of counsel," and as such the Plaintiff must

18   "show that because of the complexity of the claims he was unable

19   to articulate his positions."   Rand, 113 F.3d at 1525.   The court

20   finds this is not such a case.

21        Plaintiff also contends that this court has relied on

22   unsubstantiated records from Plaintiff's prison canteen records.

23   Contrary to Plaintiff's assertion, the Magistrate Judge did not

24   rely on these records.   Rather, the Magistrate Judge concluded

25   Plaintiff had failed to show that the purchase of **required**

26   supplies made it impossible for him to pay for legal copies.   In

27   addition, the court notes that it is undisputed based on

28   Plaintiff's own admissions that Plaintiff purchased items from

the canteen and these purchases resulted in Plaintiff not having
enough money to file his state habeas petition.

Plaintiff maintains that this action is like <u>Gluth v.
Kansas</u>, 951 F.2d 1504 (9th Cir. 1991), in which an inmate in
Arizona was required to purchase necessary hygienic supples from
the canteen that he could not afford and was subject to
disciplinary action if he failed to meet prison grooming
standards.  This court agrees with Defendants and the Magistrate
Judge that the undisputed evidence shows Plaintiff was not given
the same impossible requirement.  The evidence shows that free
hygiene supplies were available, but Plaintiff desired to
purchase a higher quality in the canteen.  Plaintiff also desired
canteen money to purchase necessities for his hobbies, including
running.  There is no evidence Plaintiff would be subject to
punishment if he did not purchase these items from the canteen.
Neither high quality hygiene supplies or hobby materials are
items that are protected by the Constitution.  Unlike the
plaintiff in <u>Gluth</u>, Plaintiff was not given the choice between
purchasing **required** hygiene supplies or legal supplies.
Plaintiff was merely given the choice between purchasing **desired**
hygiene supplies, along with items to support Plaintiff's
hobbies, or legal supplies.  Such a choice does not violate the
Constitution.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations, filed July 15, 2004,
are ADOPTED IN FULL;

2.  Defendant's motion for summary judgment, filed October
12, 1999, is GRANTED;

1          3.   The Clerk of Court enter judgment in favor of

2    defendant; and,

3          4.   This action is therefore CONCLUDED.

4

5    IT IS SO ORDERED.

6    **Dated:   January 17, 2008**              /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28