UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. SMITH, III, | 1:93-cv-05390-AWI-DLB-P |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| JAMES GOMEZ, | ORDER GRANTING REQUEST FOR AN EXTENSION OF TIME TO APPEAL |
| Defendant. | (Document #209) |

Plaintiff, Robert P. Smith, III ("Plaintiff"), filed a civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2008, the court adopted the Magistrate Judge's Findings and Recommendations, granted Defendants' motion for summary judgment, and entered judgment in favor of Defendants.

On February 4, 2008, Plaintiff filed a request for reconsideration of the court's order adopting the Findings and Recommendations and requesting an extension of time in which to file a notice of appeal.

**A. Motion for Reconsideration**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School

1

1  Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "The Rule
2  60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered
3  by any of the other reasons set forth in Rule 60."  Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir.
4  2007).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest
5  injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from
6  taking timely action . . . ."  Id.

7       Motions for reconsideration are disfavored and are not the place for parties to make new
8  arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip.,
9  Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to
10 rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116
11 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the
12 Court's decision, and recapitulation of the cases and arguments considered by the court before
13 rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands
14 Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

15      Plaintiff has failed to convince the court that any grounds exist for reconsideration.  In
16 his motion for reconsideration, Plaintiff states that his motion for reconsideration is based on:
17 (1) Issues raised by Plaintiff but not specifically addressed by the court in its order adopting; or
18 (2) Issues addressed by the court in the order adopting to which Plaintiff disagrees with the
19 court's conclusions.  "A motion for reconsideration should not be used to ask a court to rethink
20 what the court had already thought through-- rightly or wrongly."  Grandinetti v. Frank, 2008 WL
21 2385909, *1 (D.Ariz. 2008); Snyder v. Department of Defense, 2005 WL 1796228, *2 (N.D.Cal.
22 2005); Potter v. Potter, 199 F.R.D. 550, 552 (D.Md. 2001); United States v. Rezzonico, 32
23 F.Supp.2d 1112, 1116 (D.Ariz.1998); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99
24 F.R.D. 99, 101 (E.D.Va.1983); Refrigeration Sales Co. v. Mitchell-Jackson, Inc., 605 F.Supp. 6,
25 7 (N.D.Ill.1983).  By Plaintiff's own admission, his motion for reconsideration is based on
26 arguments already made to and rejected by the court.  Plaintiff either disagrees with the court's
27 rejection of Plaintiff's position or failure to provide Plaintiff with sufficient reasons for rejecting
28 Plaintiff's position. The court has no mandatory duty to provide a detailed analysis on every

1 argument and position raised by a party.  The facts and law that caused this court to grant
2 Defendants' motion for summary judgment have not changed. There are no new facts which were
3 discovered since the court issued its order, no new law has been established, and there was no
4 manifest error of law.   There is no basis for reconsideration.

**B. Motion for Additional Time in Which to Appeal**

Plaintiff seeks additional time in which to appeal this action.  A party must file a notice of appeal within 30 days of the entry of the judgment being appealed.  28 U.S.C. § 2107(a); Fed.R.App.Pro. 4(a); <u>Bowles v. Russell</u>, - U.S. -,127 S.Ct. 2360, 2363 (2007).   Judgement was entered in this action on January 18, 2008.  On February 4, 2008, Plaintiff filed a motion for reconsideration.  On March 3, 2008, Plaintiff filed a notice of appeal.   If a party files a notice of appeal after the court enters judgment but before it disposes of a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, the notice becomes effective to appeal the judgment when the order disposing of the motion is resolved.  Fed.R.App.Pro. 4(a)(4)(B).  In addition, the court may extend the time to file a notice of appeal if a party moves so no later than 30 days after the time prescribed to file appeal and shows excusable neglect or good cause.  Fed.R.App.Pro. 4(a)(5)(A).

Here, Plaintiff has attempted to appeal this action, but his notice of appeal was delayed because he was unsure of the impact his motion for reconsideration would have on his notice of appeal.   To the extent Plaintiff's March 3, 2008 notice of appeal was not proper, Plaintiff's request for additional time within which to appeal will be granted.

**C. Order**

Accordingly, the court ORDERS that:

    1.    Plaintiff's motion for reconsideration is DENIED;

    2.    Plaintiff's motion for more time in which to file a notice of appeal is GRANTED; and

3. Any notice of appeal may be filed within ten days of this order's date of service.

IT IS SO ORDERED.

Dated:   **July 16, 2008**               /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE